---
Layton v. Dennis.
---

STATE, HENRY LAYTON, PROSECUTOR, v. CHARLES DENNIS.

1. In summary proceedings under the act "concerning landlords and tenants," where the affidavit is defective, a justice of the peace has no jurisdiction.
2. In such case *certiorari* will lie to reverse the proceedings.

On *certiorari*.

Argued at February Term, 1881, before Justices DIXON, REED and PARKER.

For the prosecutor, *A. S. Appleget.*

The opinion of the court was delivered by

PARKER, J.  On the 1st day of July, 1880, Charles Dennis made and filed with a justice of the peace an affidavit, of which the following is a copy, viz. :

"Mercer County, *ss.*—Charles Dennis, of full age, maketh oath that one Henry Layton is now is possession of a certain part of a house and premises of deponent, situated in the township of Washington, county of Mercer, near Sharon, upon an agreement between deponent and said Henry Layton to hold the same for a few days, from the 1st day of April, 1880; and the said Henry Layton has failed to pay any rent. This deponent made demand in writing, signed by deponent and served on the said Henry Layton, on the 28th day of June last, requiring the possession of the premises.  And deponent further saith that satisfaction for such rent cannot be obtained by distress of any goods."

Upon filing the affidavit, the justice issued a summons, and proceedings were taken to remove Layton from the premises. These proceedings purported to be under the act entitled "An act concerning landlords and tenants."

The affidavit is clearly defective in several particulars.  It is uncertain whether the removal of the tenant was sought

because of holding over or on account of non-payment of rent.

If because of non-payment of rent, the amount unpaid and the time when due should have been stated.

If for holding over, the duration of the term should have been set forth in the affidavit.

A lease for "a few days" is extremely indefinite as to time.

The proceedings are summary, and the statute must be strictly pursued.

The affidavit being defective, the justice had no jurisdiction. *Certiorari* in such case is proper.

The following are authorities on the subject: *Fowler* v. *Roe*, 1 *Dutcher* 549 ; *Shepherd* v. *Sliker*, 2 *Vroom* 432 ; *Morris Canal* v. *Mitchell*, 2 *Vroom* 99.

Proceedings set aside, with costs.